CHIEF JUSTICE WILLIAMS
delivered the opinion on the court:
The executor of D. Lillard, deceased, propounded decedent’s will for record, which the legatees, for whose use these suits were brought, resisted, and which resulted in a protracted litigation of several years before the will was established; the executor, in the meantime, holding the funds to pay the specific legacies, which he offered to discharge without interest, within less than a year after the will was established. The legatees, however, claiming interest from one year after the testator’s decease, brought these suits to recover it, but which the court refused; and this is the only question involved in these appeals.
By section 2, article 2, chapter 46 (2 Stant. Rev. Stat., 2), it is provided, that “ if no time is fixed for the payment of a specific legacy, it shall be payable one year after the testator’s death.”
By the second item of the will, one thousand dollars is bequeathed to M. S. Johnson, and eight hundred dollars to Joseph Lillard, “ to be paid by my executor with as little delay as practicable.”
Waiving all questions as to whether this should not be construed as fixing a reasonable period to be allowed the executor for collecting the debts due and converting the property into money, it certainly did not contemplate the payment of the legacies immediately upon the testator’s death, nor within one year thereafter, but that they should be paid at the earliest practicable moment. It may have been that the testator contemplated what really occurred —a litigation over his will; but however this may be, the establishment of the will was an essential prerequisite to the payment of the legacies; for if it was not the testator’s legal will, no legacies would be due or collectable; *400 so that the earliest practicable moment for the payment of the legacies would be upon the admission of the paper to record as the testator’s will.
As the litigation was protracted by the appellants’ own conduct, and as they rendered it impracticable to sooner pay the legacies, we see no reason why they should be permitted to charge the estate with interest from one year after the testator’s death; and as it does not appear that the executor either used or loaned the money, but he seems to have held it ready to discharge these legacies at the earliest practicable period, there is no legal reason shown why he should be charged with a like interest.
Had these legal ees sought to have had the money loaned out under the direction of the court, it might have been proper for the court to have done so; but it certainly was not the legal duty of the executor voluntarily to loan out the funds.
Wherefore, the judgment is affirmed in both cases.